Catherine B. Stevens (CS-6906)
Shawn Patrick Regan (SR-0925)
HUNTON & WILLIAMS LLP
200 Park Avenue, 52nd Floor
New York, NY 10166-0005
cstevens@hunton.com
sregan@hunton.com
(212) 309-1000

Stephen P. Demm*
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
sdemm@hunton.com
(804) 788-8200

Robert C. Van Arnam*
HUNTON & WILLIAMS LLP
One Bank of America Plaza
421 Fayetteville Street Mall, Suite 1400
Raleigh, NC 27601
rvanarnam@hunton.com
(919) 899-3000

* *pro hac vice admission pending*

*Attorneys for Defendants Kohl's Corporation,*
*Kohl's Illinois, Inc., and Kohl's Department Stores, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) ) ) | Case No. 1:06-cv-02164-GEL |
| Plaintiffs, | ) ) ) | **KOHL'S ANSWER,** **AFFIRMATIVE DEFENSES,** **AND COUNTERCLAIM** |
| v. | ) ) | |
| KOHL'S CORPORATION, KOHL'S ILLINOIS, INC., and KOHL'S DEPARTMENT STORES, INC., | ) ) ) ) | |
| Defendants. | ) | |

---------------------------------------------------------x

Defendants Kohl's Corporation, Kohl's Illinois, Inc., and Kohl's Department Stores, Inc. (collectively "Defendants"), by counsel, respectfully state as follows for their answer and affirmative defenses to Plaintiffs Coach, Inc.'s and Coach Services, Inc.'s Complaint:

1.   Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 1, and therefore deny the allegations of paragraph 1.

2.   Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 2, and therefore deny the allegations of paragraph 2.

3.   Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 3, and therefore deny the allegations of paragraph 3.

4.   Defendants admit that Kohl's Corporation ("Kohl's Corp.") is a corporation organized and existing under the laws of the State of Wisconsin, with offices at N 56 W 1700 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.  To the extent that there are any other factual allegations in paragraph 4, Defendants deny each and every such allegation.

5.   Defendants deny that Kohl's Department Stores, Inc. ("Kohl's Stores") is a Wisconsin corporation.  Defendants admit that Kohl's Stores is a corporation organized and existing under the laws of the State of Delaware with offices at N 56 W 1700 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.  Defendants further admit that Kohl's Stores is a wholly-owned subsidiary of Kohl's Corp. and is qualified to do business and is doing business in the State of New York, including the Southern District of New York.  To the extent that there are any other factual allegations in paragraph 5, Defendants deny each and every such allegation.

6.   Defendants admit that Kohl's Illinois, Inc. ("Kohl's Illinois") is a

corporation organized and existing under the laws of the State of Nevada, with offices at New York Square, 4340 Fox Valley Center Drive, Aurora, Illinois 60504.  Defendants deny that Kohl's Illinois is a wholly-owned subsidiary of Kohl's Corp.  Defendants admit that Kohl's Illinois is a wholly-owned subsidiary of Kohl's Stores and is the owner of the KOHL'S trademark, which is being used in the State of New York, including the Southern District of New York.  To the extent that there are any other factual allegations in paragraph 6, Defendants deny each and every such allegation.

       7.       To the extent that there are any factual allegations in paragraph 7, Defendants deny each and every such allegation.

       8.       Defendants admit that this action purports to seek relief under the Lanham Act and common law.  To the extent that there are any other factual allegations in paragraph 8, Defendants deny each and every such allegation.

       9.       Defendants admit the allegations of Paragraph 9.  Defendants state, however, as set forth more fully in their Motion to Stay being filed contemporaneously herewith, that the Court, pursuant to its inherent power to control its docket and the doctrine of primary jurisdiction, should stay or dismiss this action pending a final decision in *Coach Services, Inc. v. Kohl's Illinois, Inc.*, Opposition Nos. 91160395, 91161043, 91161026, Cancellation Nos. 92043430, 92043435 (T.T.A.B. 2004), a series of trademark opposition and cancellation proceedings that Coach brought against Kohl's in the United States Patent & Trademark Office's Trademark Trial and Appeal Board almost two years ago.

       10.      Defendants admit the allegations of Paragraph 10.

       11.      Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 11, and therefore deny the allegations of paragraph 11.

12. Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 12 that Coach sells "Coach Products" under various trademarks, and therefore deny these allegations. Defendants deny all other allegations of Paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 14, and therefore deny the allegations of paragraph 14.

15. Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 15 as to the period of time Coach has used "the HANGTAG Mark," and therefore deny those allegations. Defendants deny all other allegations of paragraph 15.

16. Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 16, and therefore deny the allegations of paragraph 16.

17. Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 17, and therefore deny the allegations of paragraph 17.

18. Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 18, and therefore deny the allegations of paragraph 18.

19. Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 19, and therefore deny the allegations of paragraph 19.

20. Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 20, and therefore deny the allegations of paragraph 20.

21. Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 21, and therefore deny the allegations of paragraph 21.

22. Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 22, and therefore deny the allegations of paragraph 22.

23. To the extent that there are any factual allegations in paragraph 23, Defendants deny each and every such allegation.

24. Defendants admit that a dispute arose between Coach's predecessor in interest, Sara Lee, and Kohl's in 1998. To the extent that there are any other factual allegations in paragraph 24, Defendants deny each and every such allegation.

25. Defendants admit that Kohl's Stores and Kohl's Illinois entered an agreement with Sara Lee dated March 25, 1998. Defendants further admit that Exhibit I to the Complaint is a document entitled "Settlement Agreement." This document speaks for itself. To the extent there are any other factual allegations in paragraph 25, Defendants deny each and every such allegation.

26. The document referenced in paragraph 26 speaks for itself. To the extent that there are any other factual allegations in paragraph 26, Defendants deny each and every such allegation.

27. The document referenced in paragraph 27 speaks for itself. To the extent that there are any other factual allegations in paragraph 27, Defendants deny each and every such allegation.

28. The document referenced in paragraph 28 speaks for itself. To the extent that there are any other factual allegations in paragraph 28, Defendants deny each and every such allegation.

29. Defendants admit that a dispute arose between Coach's predecessor in interest, Sara Lee, and Kohl's in 1999. Defendants deny all other allegations of paragraph 29.

30. Defendants admit that Exhibit J to the Complaint is a April 6, 1999 letter to

Kohl's Stores from Sara Lee. This letter speaks for itself. To the extent that there any other factual allegations in paragraph 30, Defendants deny each and every such allegation.

31. The document referenced in paragraph 31 speaks for itself. To the extent that there are any other factual allegations in paragraph 31, Defendants deny each and every such allegation.

32. Defendants admit that they operate approximately 749 Kohl's stores in approximately 43 states, including in the Southern District of New York. To the extent that there are any other factual allegations in paragraph 32, Defendants deny each and every such allegation.

33. Defendants admit that they have used marks incorporating the term SONOMA on a variety of products. The documents referenced in paragraph 33 and Exhibit K speak for themselves. To the extent that there are other factual allegations in paragraph 33, Defendants deny each and every other such allegation.

34. The document referenced in paragraph 34 speaks for itself. To the extent that there are any other factual allegations in paragraph 34, Defendants deny each and every such allegation.

35. Defendants admit that they have used marks incorporating the term SONOMA on certain goods. The documents referenced in paragraph 35 and Exhibit L speak for themselves. To the extent that there are any other factual allegations in paragraph 35, Defendants deny each and every other such allegation.

36. Defendants admit that they have used tags with certain of their goods. The documents referenced in paragraph 36 and Exhibit M speak for themselves. To the extent that there are any other factual allegations in paragraph 36, Defendants deny each and every

5

other such allegation.

37. Defendants admit that they began selling handbags in their retail outlets, including their website. The documents referenced in paragraph 37 and Exhibit N speak for themselves. To the extent that there are any other factual allegations in paragraph 37, Defendants deny each and every other such allegation.

38. To the extent that there are any factual allegations in paragraph 38, Defendants deny each and every such allegation.

39. Defendants incorporate their answers to paragraphs 1 through 13, 32, 33, 35, and 38 as if fully set forth herein. To the extent that there are any other factual allegations in paragraph 39, Defendants deny each and every such allegation.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Defendants incorporate their answers to paragraphs 1 through 15, 32, 36, and 38 as if fully set forth herein. To the extent that there are any other factual allegations in paragraph 44, Defendants deny each and every such allegation.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

49. Defendants incorporate their answers to paragraphs 1 through 23, 32, 34, 37, and 38 as if fully set forth herein. To the extent that there are any other factual allegations

in paragraph 49, Defendants deny each and every such allegation.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

54. Defendants incorporate their answers to paragraphs 1 through 28, 32 through 35, 37, and 38 as if fully set forth herein. To the extent that there are any other factual allegations in paragraph 54, Defendants deny each and every such allegation.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants incorporate their answers to paragraphs 1 through 23, 29 through 32, and 36 through 38 as if fully set forth herein. To the extent that there are any other factual allegations in paragraph 59, Defendants deny each and every such allegation.

60. Defendants deny the allegations of paragraph 60

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants incorporate their answers to paragraphs 1 through 15, 32, 33 through 35, and 38 as if fully set forth herein. To the extent that there are any other factual allegations in paragraph 63, Defendants deny each and every such allegation.

64. Defendants deny the allegations of paragraph 64.

65. Defendants incorporate their answers to paragraphs 1 through 15, 32, 36, and

38 as if fully set forth herein. To the extent that there are any other factual allegations in paragraph 65, Defendants deny each and every such allegation.

66. Defendants deny the allegations of paragraph 66.

67. Defendants incorporate their answers to paragraphs 1 through 23, 32, 37, and 38 as if fully set forth herein. To the extent that there are any other factual allegations in paragraph 67, Defendants deny each and every such allegation.

68. Defendants deny the allegations of paragraph 68.

69. Defendants incorporate their answers to paragraphs 1 through 38 as if fully set forth herein. To the extent that there are any other factual allegations in paragraph 69, Defendants deny each and every such allegation.

70. Defendants deny the allegations of paragraph 70.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint, and each cause of action thereof, fails to state a claim for which relief can be granted.

2. Plaintiffs' claims are barred by the doctrines of laches, waiver, acquiescence, unclean hands, estoppel, and trademark misuse.

3. Plaintiffs' claims related to their purported "SONOMA Mark" are barred because Plaintiffs have abandoned that purported mark. On information and belief, Coach discontinued *bona fide* commercial-scale use in the ordinary course of trade of its purported "SONOMA Mark," including the "SONOMA Mark" depicted in Registration No. 2,261,783, with no intent to resume such use, and upon information and belief, such use was not resumed. As a result, Coach's purported "SONOMA Mark" has been abandoned within the meaning of Section 45 of the Lanham Act, 15 U.S.C. § 1127.

4.	Plaintiffs lack standing to make certain claims, including those claims related to their purported "SONOMA Mark."

5.	All of Plaintiffs' purported trade dress claims fail because the product configurations that Plaintiffs seek to protect and to recover for as "trade dress" are functional and/or generic and/or descriptive, and do not serve as source identifiers.

6.	Defendants are entitled to assert and hereby assert as a bar to Plaintiffs' claims all applicable statutes of limitation.

7.	Plaintiffs' breach of contract claims fail for lack of consideration.

8.	Plaintiffs' breach of contract claims are or may be further barred or limited by Plaintiffs' failure to mitigate their damages by undertaking proper preventative or curative measures.

9.	At all times relevant to the allegations made in the Complaint, Defendants have acted in good faith.

10.	Defendants hereby reserve the right to rely upon any affirmative defense shown by discovery to be available in this case.

WHEREFORE, Defendants, having answered all paragraphs of Plaintiffs' Complaint, pray for judgment as follows:

(a)	that Plaintiffs' Complaint be dismissed with prejudice;

(b)	that Plaintiffs be denied all relief sought and that the Court award judgment in favor of Defendants on all claims alleged in the Complaint;

(c)	that Defendants be awarded their reasonable attorneys' fees and costs; and

(d)	that Defendants be awarded such other and further relief as the Court deems appropriate.

**COUNTERCLAIM**

Defendants state as their counterclaim against Plaintiffs the following:

**THE PARTIES**

1. Kohl's Illinois is a corporation organized and existing under the laws of the State of Nevada, with offices at New York Square, 4340 Fox Valley Center Drive, Aurora, Illinois 60504. Kohl's Illinois is a wholly-owned subsidiary of Kohl's Corp. and is the owner of the KOHL'S trademark, which is being used in the State of New York, including the Southern District of New York. (Kohl's Illinois and Kohl's Corp. will be referred to collectively as "Kohl's.")

2. Upon information and belief, Coach, Inc. is a Maryland corporation having its principal office and place of business at 516 West 34th Street, New York, New York 10001. Further, upon information and belief, Coach, Inc. is qualified to do business in the State of New York and in the Southern District of New York.

3. Upon information and belief, Coach Services, Inc. is a Maryland corporation, having its principal office and place of business at One Coach Way, Jacksonville, Florida 32218. Further, upon information and belief, Coach, Inc. is qualified to do business in the State of New York and in the Southern District of New York. (Coach, Inc. and Coach Services, Inc. will be referred to collectively as "Coach.")

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Kohl's counterclaim against Coach pursuant to 28 U.S.C. §§ 1331 and 1332.

5. This Court has personal jurisdiction over Coach.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c).

**FACTUAL ALLEGATIONS**

7. Kohl's has been and will continue to be damaged by Coach's claimed rights in U.S. Trademark Registration No. 2,261,783 for the mark SONOMA for "handbags," registered on July 20, 1999 (hereafter "the Mark"). Accordingly, Kohl's seeks cancellation of the Registration and the Mark on the following grounds:

8. Coach alleges that it is the owner of the Registration and of all right, title, and interest in and to the Mark shown in the Registration.

9. Coach has discontinued any *bona fide* commercial-scale use of the Mark for "handbags," as covered by the Registration, with the intent not to resume such use.

10. On or about October 31, 2005, Coach, Inc. filed with the U.S. Patent and Trademark Office a declaration pursuant to Section 8 of the Trademark Act, 15 U.S.C. § 1058, stating that the Mark was still in use in commerce in connection with "handbags" (but not with any of the other goods which the Registration initially covered, i.e., "tote bags, backpacks, wallets, cosmetic cases (sold empty), key fobs of leather, key cases.")

11. Coach's Section 8 declaration was false and fraudulent because Coach was not making *bona fide* use of the Mark at the time of the declaration. Specifically, the Mark was not in *bona fide* commercial-scale use in commerce in connection with handbags at the time of the filing. This false and fraudulent declaration is another basis for cancellation of the Registration for the Mark.

12. As a result of Coach's discontinuance of, and intention not to resume use of, the Mark, Coach has abandoned the Mark pursuant to 15 U.S.C. § 1127. Accordingly, the Registration should be canceled.

13. As noted in Paragraph 9 of Kohl's answer, Kohl's states, as set forth more fully in the Motion to Stay being filed contemporaneously herewith, that the Court, pursuant to its inherent power to control its docket and the doctrine of primary jurisdiction, should stay or dismiss this action pending a final decision in *Coach Services, Inc. v. Kohl's Illinois, Inc.*, Opposition Nos. 91160395, 91161043, 91161026, Cancellation Nos. 92043430, 92043435 (T.T.A.B. 2004), a series of trademark opposition and cancellation proceedings that Coach brought against Kohl's in the United States Patent & Trademark Office's Trademark Trial and Appeal Board almost two years ago.

14. To the extent that this action proceeds after such stay, however, Kohl's requests that the Court order cancellation of Coach's Registration No. 2,261,783 for the mark SONOMA.

WHEREFORE, Kohl's prays:

(a) that Coach's Registration No. 2,261,783 be cancelled;

(b) that Kohl's be awarded its reasonable attorneys' fees and costs; and

(c) that Kohl's be awarded such other and further relief as the Court deems appropriate.

Dated: April 13, 2006
New York, New York

HUNTON & WILLIAMS LLP

/s/ Shawn Patrick Regan
Shawn Patrick Regan (SR-0925)
Catherine B. Stevens (CS-6906)
200 Park Avenue, 52nd Floor
New York, NY 10166
cstevens@hunton.com
sregan@hunton.com
(212) 309-1000

Stephen P. Demm*
HUNTON & WILLIAMS LLP
951 East Byrd Street
Richmond, Virginia 23219

        sdemm@hunton.com
        (804) 788-8200

        Robert C. Van Arnam*
        HUNTON & WILLIAMS LLP
        421 Fayetteville Street Mall, Suite 1400
        P.O. Box 109 (27602)
        Raleigh, NC  27601
        rvanarnam@hunton.com
        (919) 899-3000

        * *pro hac vice admission pending*

        COUNSEL FOR DEFENDANTS KOHL'S
        CORPORATION, KOHL'S ILLINOIS, INC.
        AND KOHL'S DEPARTMENT STORES, INC.

TO:
    Frank J. Colucci, Esq.
    Colucci & Umans
    218 East 50th Street
    New York, New York 10022-7681
    fcolluci@colucci-umans.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 13, 2006, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

                Frank J. Colucci, Esq.
                Colucci & Umans
                218 East 50th Street
                New York, New York 10022-7681


                /s/ Bradford C. Mulder
                  Bradford C. Mulder